Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>Vs.<br><br>PABLO JOSÉ VERDEJO SUÁREZ<br><br>Peticionario | TA2025CE00735 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. K VI2024G0041 Y OTROS<br><br>Sobre: ART. 93 C. P. 1ER GRADO Y OTROS |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de diciembre de 2025.

Comparece la parte peticionaria, el señor Pablo José Verdejo Suárez, solicita la revisión de la *Resolución* emitida el 3 de octubre de 2025 y notificada el 7 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* la moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal promovida por el peticionario.

Examinada la totalidad del expediente a la luz del estado de derecho vigente, *desestimamos* el recurso por los fundamentos que expondremos a continuación.

**I.**

Según surge del expediente, por hechos ocurridos el 29 de julio de 2022, el Ministerio Público presentó varias denuncias en contra del peticionario por violaciones al Código Penal y a la Ley de Armas de Puerto Rico. Celebrada la vista preliminar, el foro de primera instancia encontró causa probable para acusar a la parte

peticionaria por: (i) cuatro cargos por violaciones al Artículo 93 del Código Penal; (ii) un cargo por infracción al Artículo 249 del Código Penal; (iii) 23 cargos por violaciones al Artículo 65 de la Ley de Armas de Puerto Rico; y (iv) cuatro cargos por transgresiones al Artículo 6.14 de la Ley de Armas de Puerto Rico.

El peticionario solicitó la desestimación de las acusaciones presentadas por el Ministerio Público por alegada falta de prueba admisible sobre: (1) el concierto y común acuerdo entre los coacusados; (2) los elementos de los demás delitos imputados; y (3) la conexión del peticionario con los elementos de los delitos presentados. El 3 de octubre de 2025 el tribunal recurrido denegó la petición de desestimación solicitada, concluyó que, contrario a lo postulado por el peticionario, "no hubo ausencia total de prueba durante la vista preliminar". Inconforme, el 7 de noviembre de 2025 la parte peticionaria compareció mediante el presente recurso de *Certiorari*, señala el siguiente error:

> *Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la Solicitud de Desestimación al Amparo de la Regla 64(p) de las de Procedimiento Criminal presentada por la defensa, al concluir que la defensa no demostró ausencia total de prueba que conectara al Sr. Verdejo Suárez con los elementos de los delitos imputados.*

Al presentar su escrito, la parte peticionaria sometió una *Moción Informativa y en Solicitud de Remedio*, en la cual aseveró que enfrentó una serie de dificultades tecnológicas que le impidieron presentar oportunamente su recurso.

Evaluada la moción presentada por la parte peticionaria, mediante la *Resolución* emitida el 21 de noviembre de 2025 notificada el 24 de noviembre de 2025, concedimos al peticionario hasta el 4 de diciembre de 2025 para mostrar causa por la cual no debíamos desestimar su recurso apelativo. A su vez, en la misma *Resolución*, concedimos al Procurador General igual plazo para

exponer su postura sobre el asunto. Ambas partes cumplieron con nuestra resolución al comparecer y exponer sus posturas sobre la desestimación del presente recurso.

En consecuencia, procedemos a resolver con el beneficio de la comparecencia de las partes, y el derecho aplicable.

**II.**

Es norma reiterada que la jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Por su trascendencia, los tribunales debemos examinar nuestra propia jurisdicción, así como aquella del foro de donde procede el recurso ante su consideración. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

Así pues, los foros adjudicativos no tenemos la discreción para asumir la jurisdicción en aquellos contextos en que no la tienen. *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 165 (2016); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009). La ausencia de tal autoridad no es un asunto que pueda ser subsanado. *S.L.G. Szendrey Ramos v. F. Castillo, supra*, pág. 883. *Souffront v. A.A.A.,* 164 DPR 663 (2005). Por tal motivo, si carecemos de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014). En estos casos, ostentamos la facultad de desestimar el recurso de conformidad con la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* pág. 115.

**B.**

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar determinaciones interlocutorias del foro de origen. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). El tribunal revisor tiene discreción para resolver el recurso promovido, ya sea, expedir y considerar la cuestión en sus méritos, o denegar sin otra salvedad sobre el asunto apelado. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). La Regla 40 del Reglamento de este Tribunal establece los criterios al ejercer nuestra facultad discrecional de expedir o denegar un recurso extraordinario de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido con una presunción de corrección fundada en la discreción judicial del juzgador de hechos. *In re Collazo I,* 159 DPR 141, 150 (2003). Por ello, los tribunales apelativos no debemos "intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.,* 200 DPR 724, 736 (2018).

En lo que respecta a la presentación del presente recurso, nuestra Regla 32 inciso (C) provee:

> El recurso de certiorari para revisar cualquier otra resolución, orden o dictamen revisable por esta vía de conformidad con la ley, incluida una orden de protección, así como revisar una sentencia final producto de una solicitud de revisión de un laudo de arbitraje del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto. **Este término es de cumplimiento estricto**. [Énfasis nuestro.]

El precitado término es de cumplimiento estricto, por lo que su incumplimiento priva al foro apelativo de jurisdicción para atender el recurso instado a menos que medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*. Conviene enfatizar que los tribunales tienen discreción para extender un término de cumplimiento estricto solo cuando la parte que lo solicita demuestra justa causa para la tardanza. En ausencia de tales circunstancias, dicho tribunal carece de discreción para prorrogar el término. *Arriaga v. F.S.E.,* 145 DPR 122, (1998); *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 657 (1997). La acreditación de justa causa se hace con explicaciones concretas y particulares debidamente evidenciadas

en el escrito que le permitan al Tribunal concluir que hubo una excusa razonable para la tardanza o la demora. Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa. *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013); *Febles v. Romar*, 159 DPR 714, 720 (2003).

En el caso de los términos de cumplimiento estricto, nuestra jurisprudencia es clara en que los tribunales podrán eximir a una parte de observar su cumplimiento si están presentes dos (2) condiciones: "(1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida". *Arriaga v. F.S.E., supra*, pág. 132. En ausencia de alguna de estas dos (2) condiciones, los tribunales carecen de discreción para prorrogar términos de cumplimiento estricto. *Íd.*

## c.

En aras de garantizar el acceso a la justicia, el 24 de abril de 2025, el Tribunal Supremo de Puerto Rico emitió la Orden Administrativa, OAJP-2025-131, en la cual decretó que, a partir del 16 de junio de 2025, los asuntos de competencia del Tribunal de Apelaciones de Puerto Rico se tramitarán exclusivamente a través del Sistema Unificado de Administración y Manejo de Casos (SUMAC). En respuesta a este cambio, la Regla 2.1 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, págs. 2-3, instaura las normas relativas a la presentación electrónica de recursos:

> *Cónsono con los propósitos de este Reglamento se establece que, a partir de la implementación del Sistema Unificado de Manejo y Administración de Casos (en adelante, SUMAC), todos los recursos y demás escritos, así como las resoluciones y decisiones judiciales, deberán presentarse y tramitarse a través de esta plataforma electrónica o cualquier otra que le sustituya, según autorizada por el Juez Presidente o la Jueza Presidenta del Tribunal Supremo. La presentación de escritos a través del*

> *SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.*
>
> *De igual forma, para fines de la presentación electrónica de documentos, una firma electrónica equivaldrá a una firma en manuscrito o de puño y letra. Se exceptúa de lo anterior: (1) aquellos documentos que no puedan presentarse electrónicamente mediante el SUMAC por tratarse de una persona litigante que se represente por derecho propio, hasta tanto se implemente la tecnología necesaria para esto y se tomen las medidas administrativas correspondientes; (2) todo documento u objeto que, por su propia naturaleza, por ley o por orden judicial no pueda presentarse electrónicamente; (3) aquellos documentos que por problemas técnicos asociados a la plataforma electrónica no puedan presentarse electrónicamente. Estos documentos objetos se presentarán físicamente en la Secretaría del Tribunal de Apelaciones, salvo que por orden judicial o administrativa se disponga de otra manera.*

De mediar alguna de las circunstancias excepcionales discutidas, la Regla 72(A) del referido cuerpo permite la presentación física del recurso antes del vencimiento del término aplicable:

> *Cuando no sea posible presentar un escrito electrónicamente, este deberá ser presentado en la Secretaría del Tribunal de Apelaciones antes del vencimiento del término aplicable y en el horario regular de oficina de las ocho y treinta de la mañana hasta las cinco de la tarde o lo depositará en el buzón de presentaciones disponible desde las cinco de la tarde hasta las once y cincuenta y nueve de la noche en días laborables.*

En consistencia con lo anterior, el Poder Judicial adoptó las Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos Mediante el Sistema Unificado de Manejo y Administración de Casos y el Formulario Interactivo (Directrices Administrativas)[1]. El apartado XIX de este cuerpo normativo dispone que, en casos de ocurrir problemas técnicos, la representación legal deberá acoger el siguiente trámite para someter el recurso:

> *Cuando la representación legal de una parte no pueda presentar un documento por problemas técnicos del Tribunal Electrónico, ya sea porque la plataforma se encuentre averiada o en*

---

[1] Aprobadas mediante la OAJP-2013-173 de 10 de enero de 2014, según enmendadas por la OAJP-2017-14 de 2 de marzo de 2017, OAJP-2021-088 de 13 de diciembre de 2021, Circular Núm. 21 de 13 de diciembre de 2021, OAJP-2025-131 de 24 de abril de 2025 y la Circular Núm. 26 de 24 de abril de 2025.

> *mantenimiento, presentará el escrito personalmente en la Secretaría del Tribunal con competencia sobre el caso o lo depositará en el buzón de presentaciones del Centro Judicial correspondiente. Ello deberá ocurrir antes del vencimiento del término aplicable y en el horario regular de 8:30 a.m. a 5:00 p.m.*

De no poder presentar el recurso ante la Secretaría o a través del buzón, la Oficina de Administración de los Tribunales, previa notificación a la comunidad jurídica, podrá autorizar la presentación de los escritos (en formato PDF) mediante los correos electrónicos de los diversos centros judiciales provistos en las Directrices Administrativas. *Íd.* De acoger alguna de las alternativas discutidas, la parte presentará una moción para acreditar los esfuerzos realizados para someter su recurso electrónicamente, según exige el apartado XIX de las Directrices Administrativas. A esos fines, deberá radicar la Declaración sobre Presentación Física o por Correo Electrónico de Moción por Problemas Técnicos del SUMAC (Formulario OAT 1728 o Declaración sobre Presentación Física).

### III.

Luego de evaluar sosegadamente el presente recurso, determinamos que carecemos de jurisdicción, pues la parte peticionaria presentó su recurso tardío **sin justa causa** para ello. A esos efectos, conviene repasar brevemente el trasfondo procesal de este caso.

Surge del expediente que el 3 de octubre de 2025 el foro primario dictó, y el 7 de octubre de 2025 notificó, el dictamen interlocutorio cuestionado. Ante tales circunstancias, la parte peticionaria debió presentar su recurso en o antes del 6 de noviembre de 2025, entiéndase, previo al vencimiento de los 30 días contemplados en la Regla 32(C) del Reglamento del Tribunal de Apelaciones. Sin embargo, sometió su escrito el 7 de noviembre

de 2025, en exceso del término dispuesto en los cuerpos reglamentarios discutidos.

A los fines de justificar su demora, la parte peticionaria simplemente indicó que enfrentó problemas técnicos al someter su recurso mediante la plataforma del SUMAC. No obstante, tales dificultades técnicas por sí solas no constituyen causas justificadas para acoger el recurso sometido tardíamente. La mera alusión a ciertos contratiempos tecnológicos no equivale a la existencia de circunstancias razonables debidamente evidenciadas que nos permitan prorrogar el término de estricto cumplimiento aquí inobservado. Por tanto, en ausencia de causas que justifiquen la demora, nos encontramos imposibilitados de asumir la jurisdicción sobre el recurso en cuestión.

Además, advertimos que, ante los problemas técnicos señalados la parte peticionaria por conducto de su representación legal, debió oportunamente explorar los diversos mecanismos que provee nuestro ordenamiento jurídico para presentar su recurso, acompañado de una Declaración sobre Presentación Física (Formulario OAT 1728). En ese sentido, frente a los fallos tecnológicos alegados por la parte peticionaria, tenía la alternativa de someter su escrito personalmente en la Secretaría del tribunal o al buzón de presentaciones. De no resultar tales vías, también, tenía la opción de presentar el recurso a través del correo electrónico provisto en las Directrices Administrativas, siempre y cuando, solicitara la autorización correspondiente.

Sin embargo, la parte peticionaria no optó por tales mecanismos de presentación. Sometió su recurso de *certiorari* vencido el término de estricto cumplimiento sin aducir causas justificadas para la demora. Por consiguiente, carecemos de jurisdicción para atender los méritos del presente recurso. Nos compete desestimar el recurso presentado tardíamente, según nos

faculta la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones.

**IV.**

Por los fundamentos que anteceden, *desestimamos* el recurso presentado por falta de jurisdicción, por tardío. Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones